# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SELTZER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1665 ERW |
| | ) | |
| CHARLES BRYSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of William Seltzer (registration no. 76828) and Floydell Livingston, inmates at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiffs do not have sufficient funds to pay the entire filing fee and will grant the motions. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff Seltzer has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Seltzer's account indicates an average monthly deposit of $25.17, and an average monthly balance of $9.40. Seltzer has insufficient funds to pay the entire filing fee. Accordingly, as to Seltzer, the Court will assess an initial partial filing fee of $5.03, which is 20 percent of his average monthly deposit.

Plaintiff Livingston has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Livingston's account indicates an average monthly deposit of $24.67, and an average monthly balance of $7.58. Livingston has insufficient funds to pay the entire filing fee. Accordingly, as to Livingston, the Court will assess an initial partial filing fee of $4.93, which is 20 percent of his average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs, who are pretrial detainees, bring this action under 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement. Named as defendants are Charles Bryson (Director of Public Safety, SLCJC), Gene Stubblefield (Superintendent,

SLCJC), and Alice Pollard-Buckingham (unknown). The complaint seeks monetary relief.

Plaintiffs allege that they are subjected to overcrowding conditions and that they are deprived of physical exercise. Specifically, plaintiffs claim that they are forced to spend more than 23 hours per day in a dormitory, which consists of a day room and a bunk area. Plaintiffs claim that there are less than four feet between the bunk beds. Plaintiffs state that they spend their mornings in the day room and that the noise level is so great that they cannot hear the televisions. Plaintiffs maintain that they are allowed only 45 minutes of exercise per day. Plaintiffs claim that the dormitory is cold in the winter, causing them to sleep in their uniforms to maintain warmth.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff

must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The complaint does not allege that any municipal policy or custom was responsible for the alleged constitutional violations. As a result, the complaint fails to state a claim under 42 U.S.C. § 1983, and it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, the complaint fails to state a prima facie case under § 1983 because the allegations do not rise to the level of a constitutional violation. To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the SLCJC officials knew of but disregarded, or were deliberately indifferent to, plaintiffs' health and safety. Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005). The allegations in the complaint do not demonstrate that the conditions of confinement were so dangerous that they posed a substantial risk of serious harm to plaintiffs. At best, the allegations show that plaintiffs have been uncomfortable. Even if the allegations were objectively serious, there are no allegations that would show that defendants have been deliberately indifferent to plaintiffs' health and safety.

Finally, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which

a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). A prison official's duty under the Constitution "is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Crow, 403 F.3d at 602 (quoting Farmer v. Brennan, 511 U.S. 825, 844-45 (1994)). Assuming the allegations in the complaint are true, there are no facts that would show that defendants have breached their constitutional duties to plaintiffs. As a result, defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff Seltzer shall pay an initial filing fee of $5.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the plaintiff Livingston shall pay an initial filing fee of $4.93 within thirty (30) days of the date of this Order. Plaintiff is

instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 2nd Day of November, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE